IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| **DEEP NINES, INC.** § | CIVIL ACTION NO. 9:09-cv-89 |
| § | |
| PLAINTIFF, § | JURY TRIAL |
| § | |
| v. § | |
| § | |
| MCAFEE, INC. and SECURE COMPUTING § | |
|     CORPORATION § | |
| § | |
| DEFENDANTS. § | |

# ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT[1]

Plaintiff Deep Nines, Inc. ("Deep Nines") for its Original Complaint against Defendants McAfee, Inc. ("McAfee") and Secure Computing Corporation ("Secure Computing") alleges as follows:

## THE PARTIES

1.  Deep Nines is a Corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business in Dallas, Texas at 14643 Dallas Parkway, Suite 150, Dallas, TX 75254-8801.

2.  McAfee is a Corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business at 3965 Freedom Circle, Santa Clara, CA 95054.  McAfee has an agent for service of process as:  C T Corporation System, 350 North St. Paul St., Dallas, TX 75201.

3.  Secure Computing is a Corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business at 3965 Freedom Circle, Santa Clara,

---

[1]   By filing this lawsuit, Plaintiff does ***not*** waive, nor does it intend to waive, any of its rights pursuant to Section 18 of the Agreement between McAfee and Plaintiff effective as of September 3, 2008.

CA 95054.  Secure Computing has an agent for service of process as:  C T Corporation System, 350 North St. Paul St., Dallas, TX 75201.

## JURISDICTION

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.  The Court has personal jurisdiction over Defendants in that each of them has committed acts within Texas and this judicial district giving rise to this action and each of Defendants has established minimum contacts with the forum such that the exercise of jurisdiction over each of Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

5.  Each of Defendants has committed acts within this judicial district giving rise to this action and does business in this district, including offering for sale, making sales and providing service and support to their respective customers in this district.  Acts of infringement have occurred in this district.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) (c) and 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 7,058,976

6.  On June 6, 2006, United States Patent No. 7,058,976 ("the '976 Patent") was duly and legally issued for an invention entitled "Intelligent Feedback Loop Process Control System." A copy of the '976 Patent is attached as Exhibit A.

7.  Deep Nines is a Texas Corporation that provides network security solutions. Susan Pittman Dark ("Dark") is the sole inventor of the '976 Patent assigned to Deep Nines and is currently the Chief Executive Officer (CEO) of Deep Nines.  The '976 Patent relates to a

network security system for detecting attacks on a site in a communications network and for taking actions to reduce and/or redirect such attacks.

8. The '976 Patent was assigned to Deep Nines, and Deep Nines continues to hold all rights and interests in the '976 Patent.

9. McAfee has in the past engaged in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq. constituting direct infringement, contributory infringement and/or induced infringement of one or more claims of the '976 Patent. At least, the Sidewinder products directly and/or indirectly infringed, at least, claims 1, 7, 12 and 13 of the '976 Patent, and the SnapGear products directly and/or indirectly infringed, at least, claims 1 and 7 of the '976 Patent.

10. Upon information and belief, under 35 U.S.C. § 271(f) McAfee has supplied or caused to be supplied in or from the United States at least a substantial portion of the components of the patented invention, where such components of the patented invention were combined outside of the United States. Also, McAfee has supplied or caused to be supplied in or from the United States at least one component of the patented invention that had no substantial noninfringing use, knowing and intending that such component was combined outside of the United States.

11. Secure Computing has in the past engaged in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq. constituting direct infringement, contributory infringement, and/or induced infringement of one or more claims of the '976 Patent. At least, the Sidewinder products directly and/or indirectly infringed, at least, claims 1, 7, 12 and 13 of the '976 Patent, and the SnapGear products directly and/or indirectly infringed, at least, claims 1 and 7 of the '976 Patent.

12. Upon information and belief, under 35 U.S.C. § 271(f) Secure Computing has supplied or caused to be supplied in or from the United States at least a substantial portion of the components of the patented invention, where such components of the patented invention were combined outside of the United States.  Also, Secure Computing has supplied or caused to be supplied in or from the United States at least one component of the patented invention that had no substantial noninfringing use, knowing and intending that such component was combined outside of the United States.

13. Each of Defendants' acts of infringement has caused damage to Deep Nines, and Deep Nines is entitled to recover from each Defendant the damages sustained by Deep Nines as a result of their individual wrongful acts in an amount subject to proof at trial.

14. Upon information and belief, McAfee and Secure Computing's infringements of the '976 Patent were willful and deliberate, entitling Deep Nines to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,930,978

15. On August 16, 2005, United States Patent No. 6,930,978 ("the '978 Patent") was duly and legally issued for an invention entitled "System and Method for Traffic Management Control in a Data Transmission Network."  A copy of the '978 Patent is attached as Exhibit B.

16. Deep Nines is a Texas Corporation that provides network security solutions. Dark and Clifford Sharp ("Sharp") are the inventors of the '978 Patent assigned to Deep Nines. The '978 Patent relates to a network traffic management system for sniffing data arriving at any point in the system and remembering certain parameters about that data to control the volume and type of data arriving at that point.

17. The '978 Patent was assigned to Deep Nines, and Deep Nines continues to hold all rights and interests in the '978 Patent.

18. McAfee has in the past engaged in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq. constituting direct infringement, contributory infringement and/or induced infringement of one or more claims of the '978 Patent. At least, the Sidewinder products, the SnapGear products, and the Cyberguard TSP products directly and/or indirectly infringed, at least, claims 15, 22, 34 and 37 of the '978 Patent.

19. Upon information and belief, under 35 U.S.C. § 271(f) McAfee has supplied or caused to be supplied in or from the United States at least a substantial portion of the components of the patented invention, where such components of the patented invention were combined outside of the United States. Also, McAfee has supplied or caused to be supplied in or from the United States at least one component of the patented invention that had no substantial noninfringing use, knowing and intending that such component was combined outside of the United States.

20. Secure Computing has in the past engaged in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq. constituting direct infringement, contributory infringement, and/or induced infringement of one or more claims of the '978 Patent. At least, the Sidewinder products, the SnapGear products, and the Cyberguard TSP products directly and/or indirectly infringed, at least, claims 15, 22, 34 and 37 of the '978 Patent.

21. Upon information and belief, under 35 U.S.C. § 271(f) Secure Computing has supplied or caused to be supplied in or from the United States at least a substantial portion of the components of the patented invention, where such components of the patented invention were combined outside of the United States. Also, Secure Computing has supplied or caused to be

supplied in or from the United States at least one component of the patented invention that had no substantial noninfringing use, knowing and intending that such component was combined outside of the United States.

22. Each of Defendants' acts of infringement has caused damage to Deep Nines, and Deep Nines is entitled to recover from each Defendant the damages sustained by Deep Nines as a result of their individual wrongful acts in an amount subject to proof at trial.

23. Upon information and belief, McAfee and Secure Computing's infringements of the '978 Patent were willful and deliberate, entitling Deep Nines to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,380,272

24. On August 16, 2005, United States Patent No. 7,380,272 ("the '272 Patent") was duly and legally issued for an invention entitled "System and Method for Detecting and Eliminating IP Spoofing in a Data Transmission Network." A copy of the '272 Patent is attached as Exhibit C.

25. Deep Nines is a Texas Corporation that provides network security solutions. Dark and Sharp are the inventors of the '272 Patent assigned to Deep Nines. The '272 Patent relates to network traffic management system for sniffing data arriving at any point in the system and extracting certain address information related to the data to control the volume of data arriving at that point.

26. The '272 Patent was assigned to Deep Nines, and Deep Nines continues to hold all rights and interests in the '272 Patent.

27. McAfee has in the past engaged in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq. constituting direct infringement, contributory infringement, and/or

induced infringement of one or more claims of the '272 Patent.  At least, the Sidewinder products and the SnapGear products directly and/or indirectly infringed, at least, claims 1, 2, 4, 9 and 10 of the '272 Patent, and the Cyberguard TSP products directly and/or indirectly infringed, at least, claims 1 and 4 of the '272 Patent.

28.  Upon information and belief, under 35 U.S.C. § 271(f) McAfee has supplied or caused to be supplied in or from the United States at least a substantial portion of the components of the patented invention, where such components of the patented invention were combined outside of the United States.  Also, McAfee has supplied or caused to be supplied in or from the United States at least one component of the patented invention that had no substantial noninfringing use, knowing and intending that such component was combined outside of the United States.

29.  Secure Computing has in the past engaged in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq. constituting direct infringement, contributory infringement, and/or induced infringement of one or more claims of the '272 Patent.  At least, the Sidewinder products and the SnapGear products directly and/or indirectly infringed, at least, claims 1, 2, 4, 9 and 10 of the '272 Patent, and the Cyberguard TSP products directly and/or indirectly infringed, at least, claims 1 and 4 of the '272 Patent.

30.  Upon information and belief, under 35 U.S.C. § 271(f) Secure Computing has supplied or caused to be supplied in or from the United States at least a substantial portion of the components of the patented invention, where such components of the patented invention were combined outside of the United States.  Also, Secure Computing has supplied or caused to be supplied in or from the United States at least one component of the patented invention that had

no substantial noninfringing use, knowing and intending that such component was combined outside of the United States.

31. Each of Defendants' acts of infringement has caused damage to Deep Nines, and Deep Nines is entitled to recover from each Defendant the damages sustained by Deep Nines as a result of their individual wrongful acts in an amount subject to proof at trial.

32. Upon information and belief, McAfee and Secure Computing's infringements of the '272 Patent were willful and deliberate, entitling Deep Nines to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

33. Pursuant to Federal Rule of Civil Procedure 38, Deep Nines demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Deep Nines prays for judgment and seeks relief against each of the Defendants as follows:

(a) For judgment that the '976 Patent has been infringed by Defendants McAfee and Secure Computing.

(b) For judgment that the '978 Patent has been infringed by Defendants McAfee and Secure Computing.

(c) For judgment that the '272 Patent has been infringed by Defendants McAfee and Secure Computing.

(d) For an accounting of all damages sustained by Deep Nines as the result of the acts of infringement by each Defendant;

(e) For actual damages together with prejudgment interest;

(f) For enhanced damages pursuant to 35 U.S.C. § 284;

(g) For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(h) For all costs of suit; and

(i) For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 20th day of May 2009,

   */s/ Brett C. Govett*
Brett C. Govett
Texas Bar No. 08235900
**Lead Attorney**
H. Douglas Wabner
Texas Bar No. 20625550

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
Email: bgovett@fulbright.com
Email: dwabner@fulbright.com

**COUNSEL FOR PLAINTIFF
DEEP NINES, INC.**