** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DEEP NINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 9:09CV89 |
| v. | § | |
| | § | |
| MCAFEE, INC. and SECURE COMPUTING CORP., | § | JUDGE RON CLARK |
| | § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANT'S MOTION TO CHANGE VENUE

Plaintiff Deep Nines, Inc. filed suit against Defendants McAfee, Inc. and Secure Computing Corp., alleging that certain products infringe United States Patent Nos. 7,058,976; 6,930,978; and 7,380,272. The '976 patent describes a system and method for detecting and preventing attacks on a communications network. The '978 patent is a continuation-in-part of the '976 patent, and the '272 patent is a continuation-in-part of the '978 patent. Secure now moves to transfer venue to the United States District Court for the District of Minnesota.

It is clear that where there is no connection with Texas or the Eastern District of Texas, venue is improper here. *See In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009). That is not the situation in this case, where there are significant contacts with Texas generally, and the Eastern District specifically. One of the Defendants has an office in the Eastern District, and several potential witnesses are located in this District. A number of witnesses have also been identified in Dallas, which is immediately adjacent to the Eastern District. Because they are located in

Texas, this court has subpoena power to compel these individuals to appear at trial. This court previously adjudicated a dispute between two of the parties in this case, including a claim construction hearing and a trial, involving infringement of one of the patents-in-suit. Deep Nines's claims involve, to some extent, the settlement agreement entered into by Deep Nines and McAfee at the conclusion of the earlier case, and the agreement provides that it shall be governed by Texas law. A court in the Eastern District of Texas has had more opportunities to become familiar with Texas contract law than a court in the District of Minnesota. Under these facts, Secure has not met its burden to demonstrate that transfer to the District of Minnesota is "clearly more convenient." The motion to transfer is denied.

## I. Background

The following facts are undisputed, unless otherwise noted. On August 16, 2006, Deep Nines filed suit against McAfee in this court, claiming that certain McAfee products infringed the '976 patent. *See* 9:06-cv-174. A *Markman* hearing was held on January 28, 2008, and the case was tried in July 2008. The jury found that McAfee infringed claims 6 and 12 of the '976 patent under the doctrine of equivalents, and awarded Deep Nines $18,000,000.[1] The parties subsequently entered into a settlement agreement, and the court granted the parties' joint motion to dismiss with prejudice on September 8, 2008. Doc. # 243.

McAfee acquired Secure in November 2008. Secure is a Delaware limited liability company.[2] McAfee is Secure's sole shareholder. Secure has its principal place of business in

---

[1] Although the jury also found that McAfee had willfully infringed the '976 patent, the court granted judgment as a matter of law to McAfee on this issue. Trial Tr. 1699:18-19.

[2] Secure was originally formed as a Delaware corporation in 1995, but converted to a Delaware L.L.C. on November 20, 2008 after it was acquired by McAfee.

St. Paul, Minnesota, but has other offices in Deerfield Beach, Florida; San Jose, California; and Brisbane, Australia. St. Paul is in the District of Minnesota, San Jose is in the Northern District of California, and Deerfield Beach is in the Southern District of Florida.

McAfee is a Delaware corporation with its principal place of business in Santa Clara, California. Santa Clara is in the Northern District of California. McAfee also has an office in Plano, Texas. Plano is in the Eastern District of Texas. Deep Nines is a Delaware corporation with its principal place of business in Dallas, Texas. Dallas is in the Northern District of Texas.

Of the three groups of accused products in this case, two – SnapGear and CyberGuard TSP – were developed by companies Secure later acquired. SnapGear was developed in Australia, and CyberGuard in Florida. The final group of accused products, Sidewinder, was developed by Secure at its Minnesota and Florida facilities. Secure states that "majority" of the records pertaining to these three products – including source code for CyberGuard and Sidewinder – are located in Minnesota, as are ten current and four former employees of Secure. The majority of SnapGear's source code is located in Brisbane, Australia; the remainder is stored in Minnesota. According to Secure, other employees with relevant information about CyberGuard and SnapGear are located in Deerfield Beach, Florida or Brisbane, Australia.

Deep Nines states that Sue Dark, one of the inventors on all three patents-in-suit, is located in Dallas, as is Deep Nines's current CEO, both prosecuting attorneys, its technical expert, and the majority of Deep Nines's evidence. McAfee has an office in Plano, at which two of its in-house counsel are based. McAfee's financial group and risk counsel are also located in Plano. Several former employees of Secure and McAfee, including Secure's former CEO, reside in California.

On September 3, 2009, Deep Nines filed suit against Fortinet, Inc. in this court, claiming infringement of two of the patents-in-suit – the '976 and '978 patents. *See* 9:09-cv-144. Deep Nines has not yet served Fortinet, and has informed the court that the parties are currently discussing settlement. Secure's motion to transfer venue was filed before the Deep Nines/Fortinet suit.

## II. Applicable Law

Secure moves to transfer venue pursuant to 28 U.S.C. § 1404(a), which provides that a district court may transfer a civil action to any district in which it might have been brought "[f]or the convenience of parties and witnesses" and "in the interests of justice." The goal of Section 1404(a) "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). The movant bears the burden of proof in demonstrating that a transfer is warranted. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). For a motion to transfer venue in a patent case, the Federal Circuit will apply the law of the circuit in which the district court is located. *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000).

The threshold determination to be made under Section 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003), *cert. denied*, 540 U.S. 1049, 124 S. Ct. 826 (2003). If so, the court's analysis turns to the convenience of the parties and the witnesses. *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 (5th Cir. 2008). This determination involves examining several private and public interest factors, none of which are given dispositive weight individually. *Id.*

4

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of the witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen,* 545 F.3d at 315. The public interest factors consist of (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems in conflict of laws. *Id*. A plaintiff's choice of forum is not an independent factor, and is taken into account only insofar as it places the burden on a defendant to show "good cause" for the transfer. *Id.* at 314, n.10.

### III. Analysis

A. <u>Whether the action could have been brought in the District of Minnesota</u>

28 U.S.C. § 1400(b) states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(b)(1)*; see also* Section 1391(c) ("[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.").

Secure maintains its main office in the District of Minnesota, and was subject to personal jurisdiction there when the action commenced. Therefore, this case could have been brought in the District of Minnesota.

5

B.   Private Interest Factors

   1.   *The relative ease of access to sources of proof*

Secure states that the "majority" of the records pertaining to the three accused products – including source code for CyberGuard and Sidewinder – are located in Minnesota. The majority of SnapGear's source code is located in Brisbane, Australia. The remainder is stored in Minnesota. While Secure's information may largely be in Minnesota, some is not.

Neither Deep Nines nor McAfee have any evidence in Minnesota. Deep Nines's documents and physical evidence are largely in Dallas, while McAfee's are located in California and Plano, Texas. While Deep Nines's evidence and documents are located in the Northern, not the Eastern, District, McAfee maintains an office in the Eastern District at which several in-house counsel, financial employees, risk counsel, and associated documents can be found.[3]

In short, while Secure has documents in Minnesota, it also has evidence in at least one location that is closer to Lufkin than to St. Paul.[4] Neither Deep Nines nor McAfee have any evidence in Minnesota; rather, all of their documents and other information are located either in

---

[3] The *Genentech* court emphasized in several places that no evidence, witnesses, or parties were found "within Texas" in that case. *In re Genentech*, 566 F.3d at 1344, 1348. Although the location of evidence and witnesses in the Northern, versus the Eastern, District of Texas was important in *Volkswagen* because the Defendant sought transfer to the Northen District, it would seem to matter less where Secure is requesting transfer from the Eastern District of Texas to the District of Minnesota. The Eastern and Northern Districts of Texas are immediately adjacent, and while the majority of the Dallas metropolitan area is located in the Northern District, some is within the Eastern District. The fact that Deep Nines's evidence is located mere miles from the Eastern District, and only about 190 miles from Lufkin, therefore weighs somewhat in the court's analysis of this factor.

[4] Despite Secure's claim to the contrary, Brisbane, Australia, is closer to Lufkin than it is to St. Paul. *See, e.g.*, http://www.convertunits.com/distance/ (stating that the distance from Brisbane to St. Paul is 8,667 miles while the distance from Brisbane to Lufkin is 8,416 miles).

Dallas or Plano, Texas, or California.[5] With evidence in Texas and, in particular, in the Eastern District of Texas, this factor weighs slightly in favor of transfer, or is neutral.

    2.    *The availability of compulsory process to secure the attendance of the witnesses*

Under Fed. R. Civ. P. 45(b)(2), a court's power to issue a deposition or trial subpoena extends to any witness who resides in the district or within 100 miles of where the deposition or trial is held. While the court's subpoena power is subject to Rule 45(c)(3), a witness can nevertheless be compelled to attend trial from anywhere within the state in which the trial is held. *See* Rule 45(c)(3)(A)(ii); *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000). The court's subpoena powers under Rule 45 are applied specifically to third-party witnesses. *In re Volkswagen*, 545 F.3d at 316; *Emanuel v. SPX Corp./OTC Tools Div.*, 2009 WL 3063322 at *5, n.2 (E.D. Tex. Sept. 21, 2009). Therefore, the court can discount any current employee of the parties when analyzing this factor.

Although the identity of third-party witnesses in this case is not as clear as it could be, this is not the situation the *Volkswagen* court was confronted with where one district had absolute subpoena power over all non-party witnesses. *In re Volkswagen*, 545 F.3d at 316. Secure identifies four former employees in Minnesota, while Deep Nines points to several former Secure and McAfee employees, who reside in California, and the prosecuting attorneys of the patents-in-suit, who reside in Dallas.

---

[5]The *Genentech* court, relying on a district court case from outside the Fifth Circuit, stated that because "in patent infringement cases, the bulk of relevant evidence usually comes from the accused infringer . . . the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d at 1345. While Secure's evidence is not located in the Eastern District, some of McAfee's is.

7

Because the potential non-party witnesses in this case are located in Minnesota, Texas, and California, and no single district will have absolute subpoena power over all of them, the court must determine "which district's limited subpoena power is more likely to compel testimony from nonparty witnesses in their respective districts." *Emanuel*, 2009 WL 306322 at *6. The District of Minnesota could compel attendance from those four witnesses located in Minnesota, while this court could compel attendance at trial only from those witnesses located in Texas. Neither court would have subpoena power over the witnesses in California. Because Secure identified more potential witnesses in Minnesota than Deep Nines identified in Texas, this factor weighs slightly in favor of transfer.[6]

3.   *The cost of attendance for willing witnesses*

Because the District of Minnesota is about 1060 miles away from Lufkin, Texas, the Fifth Circuit's "100 mile" rule applies. *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004). In this case, Secure has identified ten current employees who live in the District of Minnesota, while Deep Nines has named several individuals – two by name, and others by general job title – who work for McAfee in the Eastern District of Texas. The remaining individuals, employees of Secure's subsidiary companies located primarily in Florida and Australia, are closer to the Eastern District than the District of Minnesota.

Following precedent, the court finds that it will be slightly more inconvenient for these witnesses to travel to Minnesota, since they "would have to travel a significant distance in any

---

[6]Neither side indicates that it would have difficulty compelling the attendance of any non-party witness. It is worth pointing out that with respect to former employees in general, even if this court cannot compel a witness's attendance, neither party is precluded from using the witness's videotaped deposition at trial. *See Symbol Tech, Inc. v. Metronomic Instruments, Inc.*, 450 F. Supp. 2d 676, 679 (E.D. Tex. 2006).

8

event" to appear in the more distant forum. *In re Genentech,* 566 F.3d at 1348. On balance, this factor is neutral.

4.    *All other practical problems that make trial easy, expeditious, and inexpensive*

This court adjudicated Deep Nines and McAfee's prior litigation involving the '976 patent, holding a claim construction hearing in January 2008 and trying the case in July 2008. It has a familiarity with the specific technology of one of the patents at issue in this case – the '976 patent – and the other two patents-in-suit are continuations of the '976 patent. As the Federal Circuit recently stated,

> Although these cases may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources. Because the district court's decision is based on the rational argument that judicial economy is served by having the same district court try the cases involving the same patents, mandamus is inappropriate under our precedents.

*In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).

Secure argues that Deep Nines's pending motion to compel arbitration under the Deep Nines/McAfee settlement agreement and the nature of Deep Nines's claims against McAfee – which are generally directed to some sort of successor liability, with an added breach of contract claim regarding the settlement agreement[7] – minimizes the relevance of Deep Nines's prior suit. While any federal district court is capable of dealing with contract and indemnification claims, the parties' settlement agreement provided that it would be interpreted under Texas law. Pl. Mot. Compel, Ex. A, at ¶ 17(b). A court is likely to be more familiar with the law of the state in which it is located. Additionally, Secure cannot get around the fact that this court has construed claims

---

[7]The court addresses the merit of Deep Nines's motion to compel arbitration in a separate order, which provides more detail as to the terms of the settlement agreement.

of the '976 patent, and has tried one case involving that patent. "[J]udicial economy is served by having the same district court try the cases involving the same patents." *In re Volkswagen*, 566 F.3d at 1351. Because judicial economy favors adjudication by a court already familiar with the patents-in-suit, this factor weighs heavily against transfer.

C.  Public Interest Factors

    1.  *The administrative difficulties caused by court congestion*

Median time to trial is longer in the District of Minnesota – 23 months – than it is in the Eastern District of Texas – 18.5 months. *See* Pl. Resp., Ex. B [Doc. # 34]. "[T]he speed with which a case can come to trial and be resolved may be a factor" the court can consider. *In re Genentech*, 566 F.3d at 1347. Since time to trial or to disposition is so case-specific, this factor weighs slightly against transfer.

    2.  *The local interest in adjudicating local disputes*

While the accused products are sold in every district in the country, including the Eastern District, the Federal Circuit has rejected this as a basis for concluding that this factor, by itself, favors transfer. *In re TS Tech*, 551 F.3d 1315, 1321 (Fed. Cir. 2008). Texas's interest in deciding this case is no greater, or lesser, than Minnesota's. This factor is neutral.

    3.  *The familiarity of the forum with the law that will govern the case*

The courts of the District of Minnesota handle a docket of complex civil and criminal cases, including patent litigation. Judges in the Eastern District are also familiar with intellectual property litigation. This court has already confronted many of the precise issues in this particular case, and the Deep Nines/McAfee settlement agreement provided that it would be interpreted under Texas law. This factor weighs against transfer.

4.   *The avoidance of unnecessary problems in conflict of laws*

As federal patent law will apply to most of the issues in this case, there is no conflict of laws problem. This factor is neutral.

### IV. Conclusion

After careful analysis of the private and public interest factors, the court concludes that transfer is not warranted in this case. While private interest factors 1 and 2 both weigh slightly in favor of transfer, private interest factor 4 weighs heavily against transfer, public interest factor 3 weighs against transfer, and public interest factor 1 weighs slightly against transfer. Private interest factor 3, and public interest factors 2 and 4, are all neutral.

Under the facts of this case, Secure has failed to demonstrate that the District of Minnesota is "clearly more convenient" than the Eastern District of Texas. *In re Volkswagen*, 545 F.3d at 315 ("[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."). Secure's motion to transfer is denied.

IT IS THEREFORE ORDERED that Defendant Secure Computing Corp.'s Motion to Transfer Venue [Doc. # 15] is DENIED.

So **ORDERED** and **SIGNED** this **10** day of **November, 2009.**

_____
Ron Clark, United States District Judge