IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DEEP NINES, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:09CV89 |
| v. | § | |
| | § | |
| MCAFEE, INC. and SECURE COMPUTING CORP., | § | JUDGE RON CLARK |
| | § | |
| *Defendants*. | § | |

## ORDER

Before the court is Defendant Secure Computing Corp.'s Unopposed Motion to Redact and/or Seal the October 27, 2009 Case Management Conference Transcript, on the grounds that many of the documents referred to during this conference have been filed under seal.

The decision of "when judicial records should be closed to the public . . . necessarily rests within the sound discretion of the courts . . . ." *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 430 (5th Cir. 1981) (internal quotation omitted). Here, where Secure requests redaction of confidential financial and business information discussed at the hearing, much of which was contained in documents previously filed under seal, the court is inclined to grant the request.

However, the court is unable to seal only specific portions of the transcript; rather, either the entire transcript would have to be placed under seal, or certain specified portions would have to be redacted. Balancing the right of the public to access the non-confidential portions of this transcript against the parties' interest in keeping the remainder confidential, the court finds that it would be more appropriate to redact specified portions of the transcript.[1]

---

[1] *See, e.g., Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *KnoweldgeAZ, Inc. v. DeFosset*, 2006 WL 3201932 at *3 (S.D. Ind. Jun. 28,

IT IS THEREFORE ORDERED that Defendant Secure Computing Corp.'s Unopposed Motion to Redact and/or Seal [Doc. # 92] is GRANTED. The following portions of the October 27, 2009 Case Management Conference shall be redacted:

| Page | Line(s) |
|---|---|
| 7  | 19 – 22 |
| 8  | 18 – 25 |
| 9  | 1 – 15, 19 – 21 |
| 10 | 8 – 14, 16 – 20 |
| 11 | 16 – 20 |
| 12 | 1 – 10, 14 – 25 |
| 13 | 1 – 6, 15 – 22, 24 – 25 |
| 14 | 1 – 3 |
| 15 | 12 – 14, 16 – 19, 23 – 25 |
| 16 | 1 – 9, 17 – 25 |
| 17 | 1 – 16 |
| 18 | 13 – 21, 23 – 25 |
| 19 | 1 – 9, 11 – 25 |
| 20 | 4 – 8, 10 – 13, 18 – 19 |
| 21 | 2 – 24 |
| 22 | 15 – 25 |
| 23 | 1 – 4 |
| 24 | 1, 6 – 25 |
| 25 | 1 – 4, 11 – 16 |
| 26 | 19 – 25 |
| 27 | 1 – 25 |
| 28 | 1 – 7, 11 – 13, 19 – 23 |
| 29 | 1 – 13, 19 – 25 |
| 30 | 1 -5, 13 – 15, 19 – 20, 22 – 25 |
| 32 | 17 – 25 |
| 33 | 1 – 13, 19 – 21 |
| 34 | 2 – 4, 9 – 21, 23 – 25 |
| 35 | 1 – 13 |
| 38 | 12 – 14 |
| 39 | 17 – 25 |
| 40 | 19 – 25 |
| 41 | 1 – 3 |
| 42 | 24 – 25 |

---

2006) ("Simply because a document contains confidential pricing information does not permit a party to file the entire document under seal. Rather, the proper solution is to redact those portions of the documents that contain confidential pricing information.").

| | |
|---|---|
| 43 | 1 – 18, 23 – 25 |
| 44 | 1 – 12, 15 – 25 |
| 45 | 1 – 20 |
| 48 | 13 – 18 |
| 63 | 24 – 25 |
| 64 | 1 – 9 |
| 67 | 4 – 25 |

So **ORDERED** and **SIGNED** this **6** day of **January, 2010.**

_____
Ron Clark, United States District Judge